IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 17-cv-00072-MSK-MEH

LUKE IRVIN CHRISCO,
    Plaintiff,

v.

CRAIG S. HAYES, Deputy, Boulder County Jail and Sheriff's Department,
    Defendant.

---

## ORDER DENYING MOTION TO RECONSIDER, OVERRULING OBJECTION TO MAGISTRATE JUDGE'S ORDER, AND DISMISSING CASE

---

**THIS MATTER** comes before the Court on Plaintiff Luke Irvin Chrisco's Motion to Reconsider **(#53)** and Objection **(#62)** to the Magistrate Judge's July 20, 2017 Recommendation **(#48)** that the Defendant's Motion to Dismiss **(#28)** be granted. Also at issue is Mr. Chrisco's Motion to Stay **(#58)**.

## ALLEGATIONS OF FACT

The Court offers a brief summary of the Complaint's allegations here and elaborates as necessary in its analysis.

Mr. Chrisco, who appears *pro se*,[1] is currently incarcerated at the Centennial Correctional Facility in Cañon City, Colorado.

---

[1] In considering Mr. Chrisco's filings, the Court is mindful of his *pro se* status, and accordingly, reads his pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in his use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve Mr. Chrisco of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat Mr. Chrisco according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113

1

The Complaint alleges that Mr. Chrisco was detained at the Boulder County Jail after probation revocation proceedings were initiated against him. He filed a motion to dismiss the probation revocation proceedings, arguing that the State of Colorado's Sex Offender Intensive Supervised Probation program ("SOISP program") was unconstitutional. When he filed his reply brief ("Reply Brief") with the Boulder County District Court, he kept a personal copy of the it with the intent of using it in order to pursue an independent civil action against the State of Colorado to prohibit imposition of the SOISP program against him. Ultimately, Mr. Chrisco's probation was revoked.

The day before the sentencing hearing on the probation violation, Mr. Chrisco was in the jail library, when Deputy Hayes[2] instructed him to leave. Deputy Hayes prevented Mr. Chrisco from picking up his paperwork, which included his Reply Brief. After Mr. Chrisco left, Deputy Hayes placed a different inmate in the law library, and purportedly destroyed the Reply Brief. When Mr. Chrisco discovered that he did not have the Reply Brief, he returned to the library to retrieve it, but it was no longer there. He attempted to obtain an additional copy of it from Boulder County District Court, but was unable to do so. He contends that without the Reply Brief, he was unable to file a civil action seeking to enjoin the SOISP program.

## PROCEDURAL HISTORY

Mr. Chrisco filed his Complaint **(#1),** and upon initial review, the Court dismissed) all claims against Defendants other than Deputy Hayes **(#5).** Two claims against Deputy Hayes remain. One asserts that Deputy Hayes violated Mr. Chrisco's rights under the Equal Protection Clause and the other that Deputy Hayes violated his rights under the Due Process Clause of the Fourteenth Amendment.

---

(1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).
2  Mr. Chrisco had previously sued Deputy Hayes for allegedly destroying his legal documents.

Asserting that he is entitled qualified immunity, Deputy Hayes filed a Motion to Dismiss **(#28)** Mr. Chrisco's remaining claims. The Court referred the Motion to the Magistrate Judge. The Magistrate Judge issued a Recommendation **(#48)** that the motion be granted. Specifically, the Magistrate Judge found that (1) the Complaint did not state a traditional equal protection claim because it failed to allege that Mr. Chrisco is a member of a protected class or that similarly situated individuals were treated more favorably; (2) the Complaint also failed to state a "class-of-one" equal protection claim because it did not identify other similarly situated individuals who were treated more favorably than Mr. Chrisco and its allegations were too conclusory to demonstrate that Deputy Hayes' actions were irrational, abusive, and wholly unrelated to any legitimate state activity; and (3) the Complaint failed to state a due process claim because Mr. Chrisco was not a pretrial detainee, Deputy Hayes' conduct was not sufficiently egregious so as to shock the conscience, and Mr. Chrisco had an alternate, adequate remedy under Colorado law. Finally, the Magistrate Judge *sua sponte* recommended that Mr. Chrisco not be granted leave to amend the Complaint.

Mr. Chrisco filed a Motion to Reconsider **(#53)**, in which he asked the Court to reconsider the recommendation that he not be granted leave to amend the Complaint. He then filed his Objection **(#62)** to the Recommendation. In the Objection, he does not challenge the Magistrate Judge's finding that the Complaint does not state a plausible, traditional equal protection claim or a substantive due process claim. Instead, he argues that the Complaint adequately pleads a class-of-one equal protection claim and asks for leave to amend the Complaint to correct the deficiencies in his due process claim.

# ANALYSIS

## A. Standard of Review

Pursuant to Federal Rule of Civil Procedure 72(b), the Court reviews the objected-to portions of the Recommendation *de novo*.

Deputy Hayes invokes the doctrine of qualified immunity seeking dismissal under Federal Rule of Civil Procedure 12(b)(6). Under the doctrine of qualified immunity individual government actors are protected from civil liability if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Wilson v. Layne*, 526 U.S. 603, 609 (1999); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). When a defendant asserts a qualified immunity defense in a motion to dismiss, the Court determines (1) whether a complaint's allegations are sufficient to show that the defendant violated a constitutional or statutory right and (2) whether the constitutional or statutory right was clearly established when the alleged violation occurred. *See Peterson v. Jensen*, 371 F.3d 1199, 1202 (10th Cir. 2004). The Court may undertake these two inquiries in whichever order it deems fit. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

The first inquiry is indistinguishable from the inquiry that the Court would take in assessing a garden-variety Rule 12(b)(6) challenge to the sufficiency of the pleadings. *See Saucier v. Katz,* 533 U.S. 194, 201 (2001). In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court is limited to the factual allegations of the Complaint. *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002); *Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956, 961 (10th Cir. 2001). It accepts all well-pleaded allegations in the Amended Complaint as true and view those allegations in the light

most favorable to the nonmoving party. *Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, 1149 (10th Cir. 2001) (quoting *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)). A claim is subject to dismissal unless it is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To make such an assessment, the Court first discards those averments in the Amended Complaint that are merely legal conclusions or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678-79. The Court takes the remaining, well-pleaded factual contentions, treats them as true, and ascertains whether those facts (coupled, of course, with the law establishing the requisite elements of the claim) support a claim that is "plausible" as compared to merely being "conceivable" or "possible". What is required to reach the level of "plausibility" varies from context to context, but generally, allegations that are "so general that they encompass a wide swath of conduct, much of it innocent," are not sufficient. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

The second, "clearly established" inquiry examines whether the contours of the constitutional right were so well-settled, in the particular circumstances presented, that "every reasonable official would have understood that what he is doing violates that right." *Reichle v. Howards,* 566 U.S. 658, 664 (2012).

Here, the Court begins with the analysis of the sufficiency of the allegations in the Complaint to state a claim, but only considers the findings to which Mr. Chrisco has specifically objected. All findings to which no objections have been made are reviewed for clear error, and finding none, the Court adopts them.

### B. Class-of-One Equal Protection Claim

Mr. Chrisco objects to the recommendation that his class-of-one equal protection claim be dismissed. He argues that the Magistrate Judge disregarded multiple allegations pertinent to the

claim, specifically, the allegation, "The jail deputies did not mess with the papers of other prisoners – only Mr. Chrisco's papers were repeatedly destroyed or confiscated and deprived from him." He also argues that the Magistrate Judge failed to consider allegations that Deputy Hayes destroyed the Reply Brief because he hated Mr. Chrisco for submitting grievances against him, filing a lawsuit against him, and "being a sex offender who was publically known in the press and on top of this daring to question the system of sex offender treatment."

The Equal Protection Clause prohibits government actors from treating people differently than those who are similarly situated without adequate justification. *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601-02 (2008). A traditional equal protection claim requires a showing that a defendant engaged in discrimination against members of a protected class. An alternative type of equal protection claim known as "a class-of-one claim" is not based on discrimination against members of a class, but instead asserts that a government actor discriminated against an individual out of spite or another improper motive. *See SECSYS, LLC v. Vigil*, 666 F.3d 678, 685-88 (10th Cir. 2012). For Mr. Chrisco to state a class-of-one equal protection claim, the Complaint must contain factual allegations that plausibly show that: (1) Deputy Hayes treated others who were similarly situated in all material aspects to Mr. Chrisco more favorably than he treated Mr. Chrisco; and (2) there is no objectively reasonable basis for Deputy Hayes' differential treatment of Mr. Chrisco. In other words, the Complaint must state facts, which if true, would show that Deputy Hayes' treatment of Mr. Chrisco was irrational, abusive, and wholly unrelated to any legitimate state activity. *See Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1216 (10th Cir. 2011).

To establish the first element, general allegations of different treatment are insufficient. Rather, the Complaint must identify at least one similarly situated inmate who was treated

6

differently than Mr. Chrisco. *See Kan. Penn Gaming, LLC*, 656 F.3d at 1218-20; *Rocha v. Zavaras*, 443 Fed. App'x 316, 319 (10th Cir. 2011). For example, in *Rocha*, an inmate made several informal complaints about kitchen staff. He argued that the complaints were constitutionally protected and that prison officials singled him out and retaliated against him for exercising his constitutional rights. The Tenth Circuit held that the inmate's allegations were insufficient because he failed to identify another inmate who had not been retaliated against even though he exercised his constitutional rights in a manner similar to the plaintiff.

Here, the Complaint alleges that Deputy Hayes singled out Mr. Chrisco for having filed a lawsuit and grievances against him and challenging the validity of the SOISP program. It does not identify any other inmate who challenged the validity of the SOISP program or who had grieved Deputy Hayes, much less one who Deputy Hayes told to leave to leave the library, but who was allowed to take his papers or for whom the papers were preserved. Instead, the Complaint simply assumes that Mr. Chrisco was treated differently than all other inmates and detainees who may have challenged the SOISP program, grieved Deputy Hayes or used the library. This is insufficient to state an equal protection claim. Consequently this claim is subject to dismissal and Deputy Hayes is entitled to qualified immunity.

### C. Whether Mr. Chrisco Was a Pretrial Detainee

Mr. Chrisco asserts that the destruction of the Reply Brief constituted unlawful punishment under *Bell v. Wolfish*, 441 U.S. 520 (1979). The Magistrate Judge found that Mr. Chrisco was not entitled to the protections of *Bell v. Wolfish* when the Reply Brief was allegedly destroyed because he was not a pretrial detainee. Mr. Chrisco argues that he was a pretrial detainee because he had not yet been sentenced after a judge found that he had violated the terms of his probation.

Pretrial detainees enjoy greater protections under the United States Constitution than

detainees who have been convicted of criminal conduct, and due process requires that a pretrial detainee not be punished prior to a lawful conviction. *Bell*, 441 U.S. at 535; *Peoples v. CCA Det. Ctrs.*, 422 F.3d 1090, 1106 (10th Cir. 2005). Pretrial detainees include incarcerated individuals awaiting trial on pending criminal charges and individuals awaiting adjudication on pending accusations that they have violated the terms of their probation or parole. *See Bell*, 441 U.S. at 523; *Smith v. Harris County*, No. 98-20976, 1999 WL 824545 at *1 (5th Cir. Oct. 6, 1999); *Hamilton v. Lyons*, 74 F.3d 99 (5th Cir. 1996). However, once such individual has been found guilty of the crime, parole violation, or probation violation, whether by plea or trial, the individual is no longer a pretrial detainee, even if he or she has not yet been sentenced. *See Berry v. City of Muskogee*, 900 F.2d 1489, 1493 (10th Cir. 1990); *Kellum v. Bernalillo County*, 250 F. Supp. 3d 846, 852-55 (D.N.M. 2017).

The Complaint alleges that Mr. Chrisco was incarcerated because he had been accused of violating the terms of his probation. According to the Complaint, Mr. Chrisco had been found guilty of violating his probation, and on the day that Deputy Hayes allegedly destroyed the Reply Brief, Mr. Chrisco was awaiting sentencing for the violation. Inasmuch as he had been found guilty of a probation violation, Mr. Chrisco was no longer a pretrial detainee, and thus Court agrees with the Magistrate Judge that *Bell v. Wolfish*, 441 U.S. 520 (1979) is applicable.

   D. **Leave to Amend**

In his Motion to Reconsider and Objection, Mr. Chrisco asks the Court to grant him leave to amend the Complaint to correct the deficiencies in his substantive due process claim. The grounds for this request are that after briefing was complete on the Motion to Dismiss, his court-appointed appellate counsel in his criminal case sent him a copy of the Reply Brief. He argues that with the Reply Brief now in his possession, he can provide more specific allegations as

to how being deprived of it impacted his ability to challenge the SOISP in an independent civil action. Deputy Hayes argues that allowing Mr. Chrisco to amend the Complaint would be futile.

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading only by leave of court. The Rule provides that leave to amend shall be freely given when justice so requires, thereby exhibiting a general policy favoring the resolution of claims on the merits, rather than on procedural grounds. *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178, 181-82 (1962)). Motions to amend are committed to the trial court's discretion. *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991). In determining whether to allow amendment, the Court balances several factors, including futility, delay, bad faith, dilatory motive, repeated failure to cure deficiencies, and prejudice to the opposing party. *Moore v. Reynolds*, 153 F.3d 1086, 1116 (10th Cir. 1998) (citing *Foman*, 371 U.S. at 181-82). A proposed amendment is futile if the amended claim would be subject to dismissal. *Jefferson County Sch. Dist. v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).

To state a claim for the violation of Mr. Chrisco's substantive due process rights, the Complaint must describe conduct constituting "a level of executive abuse of power that shocks the conscience." *Williams v. Berney*, 519 F.3d 1216, 1220 (10th Cir. 2008) (internal citations omitted). The intentional or reckless infliction of harm by a government actor, by itself, is insufficient to satisfy this standard, and only outrageous conduct that inflicts or threatens to inflict substantial, actual harm rises to the level of a substantive due process violation. *Livsey v. Salt Lake County*, 275 F.3d 952, 957-58 (10th Cir. 2001). The Magistrate Judge found that the destruction of the Reply Brief "does not shock the judicial conscience nor demonstrate a substantial magnitude of potential or actual harm." Specifically, the Complaint failed to allege in a non-conclusory manner

as to why Mr. Chrisco needed the Reply Brief to challenge the constitutionality of the SOISP program.

Mr. Chrisco has proffered neither additional factual allegations nor a proposed amended complaint. Rather, he submitted an excerpt from the Reply Brief. The Reply Brief raises several legal arguments attacking the SOISP program, but the flaws in the SOISP program are not the subject of this action or the due process claim. Thus, it is unclear how the arguments in the Reply Brief impact the due process claim. The destruction of the Reply Brief did not prevent Mr. Chrisco from filing it, challenging the revocation of his probation, pursuing his constitutional claims, or filing a grievance against Deputy Hayes. Indeed, the Reply Brief was unnecessary to initiate a civil action with regard to the SOISP program. Assuming that Mr. Chrisco would have filed the civil action in federal court, his complaint would have needed only to show the grounds for federal jurisdiction, to allege facts, which if proven, would entitle him to relief, and to demand the relief he sought. *See* Fed. R. Civ. P. 8(a). It would not have been necessary for Mr. Chrisco to include the legal arguments in the Reply Brief in his complaint; in fact, it would not have been proper to do so. *See Wyoming v. U.S.*, 279 F.3d 1214, 1222 n.7 (10th Cir. 2002). The Court cannot say based on the Reply Brief that Mr. Chrisco suffered anything more than a trivial or de minimus injury that is insufficient show the violation of his rights. Thus, Mr. Chrisco's objection to the recommendation that he not be granted leave to amend is overruled, and his motion for reconsideration is denied.

**E. Motion to Stay**

Mr. Chrisco also moved for the Court to stay proceedings in this matter because he was transferred to a new correctional facility and had not yet received all of the legal materials he had in the previous facility. Inasmuch as the Court is dismissing his remaining claims, this motion is

now moot. Thus, it is denied.

## CONCLUSION

For the foregoing reasons, Mr. Chrisco's Motion to Reconsider **(#53)** and Motion to Stay **(#58)** are **DENIED**. Mr. Chrisco's Objection **(#62)** is **OVERRULED**, and the Court **ADOPTS** the Magistrate Judge's July 20, 2017 Recommendation **(#48)**. The Defendant's Motion to Dismiss **(#28)** is **GRANTED**. The Clerk of Court shall close this case.

Dated this 13th day of November, 2017

**BY THE COURT:**

*[signature]*

Marcia S. Krieger
Chief United States District Judge